1  Roger F. Friedman (State Bar No. 186070)
   rfriedman@rutan.com
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, 14th Floor
3  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
4  Facsimile:    714-546-9035

5  Attorneys for Judgment Creditor
   ENTERPRISE BANK & TRUST

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 STAR FIRST NATIONAL BANK, et al,   Case No. 2:13-mc-00063-TLN-DAD

12        Plaintiff,                  [United States District Court, Southern
                                      District of Indiana, Case No. 1:11-cv-
13        v.                          1562-TWP-DML]

14 J-VILLE PROPERTIES, INC., MANGA
   REDDYREDDY, MOHAN
15 REDDYREDDY, SADHNA RAM,            **STIPULATION AND ORDER**
   MADHU RAM, ENTERPRISE              **REGARDING RELEASE OF LEVIED**
16 BANK & TRUST COMPANY,              **FUNDS AND OPENING OF SAFE**
   successor in interest to VALLEY    **DEPOSIT BOX**
17 CAPITAL BANK, STATE OF
   INDIANA DEPARTMENT OF
18 REVENUE, UNITED STATES SMALL
   BUSINESS ADMINISTRATION,
19 UNITED STATES OF AMERICA           NO HEARING REQUIRED
   INTERNAL REVENUE SERVICE, and
20 STERLING BANK,

21        Defendants.

22

23        Judgment creditor ENTERPRISE BANK & TRUST ("**Enterprise**") and

24 judgment debtors MADHU RAM, SADHNA RAM, and J-VILLE PROPERTIES,

25 INC. (collectively, the "**Rams**"), by and through their respective counsel of record,

26 hereby enter into this Stipulation Regarding Release of Levied Funds and Opening

27 of Safe Deposit Box ("**Stipulation**").

28 / / /

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-1-
STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

## **RECITALS**

A.     On April 30, 2013, the United States District Court, Southern District of Indiana, Indianapolis Division, in Case No. 1:11-cv-01562-TWP-DML (the "**Action**"), entered that certain Final Judgment And Decree Of Foreclosure [Dkt. No. 158] in favor of Enterprise and against the Rams (the "**Judgment**").

B.     The Judgment was entered in favor of Enterprise and against Madhu Ram in the amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day through the date of entry of the Judgment for an additional $12,933.36.   (Judgment at ¶ R.)   Therefore, the total principal amount of the Judgment entered against Madhu Ram is $575,845.19 through April 30, 2013.  Post-judgment interest has accrued on the unpaid Judgment entered against Madhu Ram at the rate of eight percent (8%) per annum pursuant to Indiana Code § 24-4.6-1-101.

C.     The Judgment was entered in favor of Enterprise and against Sadhna Ram in the amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day through the date of entry of the Judgment for an additional $12,933.36.   (Judgment at ¶ S.)   Therefore, the total principal amount of the Judgment entered against Sadhna Ram is $575,845.19 through April 30, 2013.  Post-judgment interest has accrued on the unpaid Judgment entered against Sadhna Ram at the rate of eight percent (8%) per annum pursuant to Indiana Code § 24-4.6-1-101.

D.     The Judgment was entered in favor of Enterprise and against J-Ville Properties, Inc. in the amount of $587,124.22 as of June 19, 2012, plus interest at the rate of $177.91 per day through the date of entry of the Judgment for an additional $56,041.65. (Judgment at ¶ B.) Therefore, the total principal amount of the Judgment entered against J-Ville Properties, Inc. is $643,165.87 through April 30, 2013.   Post-judgment interest has accrued on the unpaid Judgment entered against J-Ville Properties, Inc. at the rate of eight percent (8%) per annum pursuant

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-2-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1  to Indiana Code § 24-4.6-1-101.

2      E.      On July 2, 2013, Enterprise registered the Judgment for enforcement in

3  the state of California by filing in the United States District Court, Eastern District

4  of California (the "**Court**"), a Clerk's Certification Of A Judgment To Be

5  Registered In Another District [Dkt. No. 1], thereby initiating Case No. 2:13-mc-

6  00063-TLN-DAD.

7      F.      Thereafter, Enterprise sought to enforce the Judgment against the

8  Rams.  Among other things, Enterprise sought and obtained from the Court a Writ

9  Of Execution [Dkt. No. 3] and an Abstract Of Judgment [Dkt. No. 4].

10      G.      On July 26, 2013, Enterprise filed with the Secretary of State of the

11  State of California a Notice Of Judgment Lien against each of Madhu Ram, Sadhna

12  Ram, and J-Ville Properties, Inc.

13      H.      On August 23, 2013, Enterprise caused bank levies to be issued against

14  any bank accounts and safe deposit boxes held in the name of each of Madhu Ram,

15  Sadhna Ram, and J-Ville Properties, Inc. at Bank of America, N.A. ("**BofA**") and

16  Wells Fargo Bank, N.A. ("**Wells Fargo**").  The levy on BofA was not successful.

17  The levy on Wells Fargo was successful, capturing approximately $135,000 held in

18  various accounts in the names of Madhu Ram and/or Sadhna Ram (the "**Accounts**"),

19  and a safe deposit box in the names of Madhu Ram and/or Sadhna Ram (the "**Safe**

20  **Deposit Box**").

21      I.      On August 26 and 27, 2013, Enterprise recorded with the County

22  Clerk-Recorder of each of Orange County, Riverside County, and Sacramento

23  County, California, an Abstract Of Judgment against each of Madhu Ram, Sadhna

24  Ram, and J-Ville Properties, Inc.

25      J.      On or about September 19, 2013, Enterprise caused to be served on

26  each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc. (1) an Application

27  And Order For Appearance And Examination (Enforcement Of Judgment), and (2) a

28  Civil Subpoena (Duces Tecum) For Personal Appearance And Production Of

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-3-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1  Documents, Electronically Stored Information, And Things At Trial Or Hearing

2  And Declaration.   Judgment Debtor Examinations of the Rams currently are

3  scheduled for December 20, 2013.

4       K.    Madhu Ram and Sadhna Ram claim certain exemptions concerning the

5  levy on the Accounts and the Safe Deposit Box at Wells Fargo.   On or about

6  September 24, 2013, the United States Marshals Service, as the levying officer,

7  served Enterprise with a copy of Madhu Ram and Sadhna Ram's Claim Of

8  Exemption (Enforcement Of Judgment).

9       L.    On or about October 3, 2013, Enterprise filed and served its Notice Of

10  Opposition To Claim Of Exemption, whereby Enterprise challenges certain of the

11  Rams' claimed exemptions.   A Court hearing on Enterprise's Opposition To Claim

12  Of Exemption currently is scheduled for December 5, 2013.   Enterprise and the

13  Rams are entering into a separate stipulation to continue the Court hearing on

14  Enterprise's Opposition To Claim Of Exemption.

15       M.    Enterprise contends that the Rams owe the entire amount of the

16  Judgment and that Enterprise is entitled to enforce the Judgment against any and all

17  of the Rams' nonexempt assets.   Enterprise further contends that certain of the

18  Rams' claimed exemptions should be disallowed.   Enterprise further contends that,

19  based on the Judgment enforcement activity summarized above, it has properly

20  perfected Judgment liens against various real property and personal property assets

21  of the Rams.   The Rams deny Enterprise's contentions.

22       N.    The Rams do not dispute that Enterprise has a final Judgment against

23  them.   The Rams do, however, contend that they have legitimate defenses to

24  enforcement of the Judgment and proper exemptions concerning Enterprise's

25  Judgment enforcement efforts.   Among other things, the Rams contend that the

26  Judgment amount should be reduced on account of payments made by Mohan

27  Reddyreddy pursuant to the terms of a separate settlement agreement reached

28  between Enterprise and Mohan Reddyreddy.   If not for the parties' settlement and

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-4-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1   this Agreement, the Rams would continue to assert and seek a ruling on their

2   defenses and exemptions.  Enterprise denies the Rams' contentions.

3       O.      The Parties dispute each other's contentions as set forth in Recitals M

4   and N above, and any and all actual or potential claims and defenses of each other in

5   connection with the Judgment and Judgment enforcement matters.

6       P.      The Parties, while acknowledging that certain matters addressed above

7   and in the Agreement are and remain disputed, nevertheless desire and have agreed

8   to fully and finally resolve, settle, and conditionally release any and all issues,

9   grievances, disputes, differences, controversies, claims, and defenses that they may

10  have with respect to the matters addressed above.  To that end, the Parties entered

11  into the Agreement.  A true and correct copy of the fully-executed Agreement is

12  attached hereto as **Exhibit A**, and is incorporated herein by this reference as if set

13  forth in its entirety.

## STIPULATION

15      IT IS HEREBY STIPULATED AND AGREED, subject to Court approval,

16  that:

17      1.      **Release Of The Levied Funds.**  As set forth in Paragraph 2.A of the

18  Agreement, the Rams shall pay to Enterprise $125,000.00 of the funds levied from

19  the Wells Fargo Accounts.  The balance of the funds levied from the Wells Fargo

20  Accounts shall be released back to the Rams.

21      Enterprise and the Rams request that the Court enter an order:

22          (a)      approving this Stipulation;

23          (b)      providing that to the extent that the United States Marshals

24  Service, as the levying officer, does not already have possession of the levied funds,

25  Wells Fargo shall release the levied funds to the United States Marshals Service;

26          (c)      providing that $125,000.00 of the levied funds shall be released

27  and paid to Enterprise, in care of its counsel, Rutan & Tucker, LLP, 611 Anton

28  Boulevard, Suite 1400, Costa Mesa, California, Attention: Roger F. Friedman;

Rutan & Tucker, LLP
*attorneys at law*

2503/030875-0002
6352762.6 a11/26/13

-5-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1  (d)  providing that after payment of the $125,000.00 to Enterprise,

2  the balance of the levied funds shall be released and remain in the Rams' Wells

3  Fargo accounts, or if the funds have been transferred to the United States Marshals

4  Service, as the levying officer, then the funds shall be paid to the Rams, in care of

5  their counsel, Meegan, Hanschu & Kassenbrock, 11341 Gold Express Drive, Suite

6  110, Gold River, California 95670, Attention: David M. Meegan; and

7  (e)  directing Wells Fargo and the United States Marshals Service, as

8  the levying officer, to release and pay the levied funds as set forth above and in the

9  Agreement.

10  2.  **Opening The Safe Deposit Box.**  On September 27, 2013, the Rams'

11  counsel sent to Enterprise's counsel a letter specifying the items and the value of the

12  items contained in the Safe Deposit Box (the "**Safe Deposit Box Letter**").  A true

13  and correct copy of the Safe Deposit Box Letter is attached to the Agreement as

14  Exhibit 3, and is incorporated herein by this reference as if set forth in its entirety.

15  As set forth in Paragraph 4 of the Agreement:

16  A.  The Rams shall allow and cause the Safe Deposit Box to be

17  opened in the presence of a representative or agent of the United States Marshals

18  Service and a representative or agent of Enterprise, so (1) the United States

19  Marshals Service, as the levying officer, may inventory, photograph, and take

20  possession of the contents of the Safe Deposit Box, and (2) the representative or

21  agent of Enterprise may inventory, photograph, evaluate, and appraise the contents

22  of the Safe Deposit Box.

23  B.  Provided the process set forth in Paragraph 2.A above reveals

24  that the Rams were truthful in the Safe Deposit Box Letter about the contents of the

25  Safe Deposit Box, and provided the Rams make the initial $125,000.00 payment to

26  Enterprise as set forth in Paragraph 1 above, the contents of the Safe Deposit Box

27  will be released back to the Rams.  If the Rams were not truthful about the contents

28  of the Safe Deposit Box, or if the Rams do not make the initial $125,000.00

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-6-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1   payment to Enterprise as set forth in Paragraph 1 above, then (1) the United States
2   Marshals Service will continue to hold the contents of the Safe Deposit Box pending
3   a further order from the Court or a further stipulation of Enterprise and the Rams
4   concerning the Safe Deposit Box contents, and (2) Enterprise and the Rams will
5   retain their respective rights, claims, and defenses with respect to the Safe Deposit
6   Box and its contents.

7          Enterprise and the Rams request that the Court enter an order:

8                  (a)     approving this Stipulation;

9                  (b)     directing Wells Fargo to allow access to the Safe Deposit Box as
10  set forth above and in the Agreement;

11                 (c)     directing the United States Marshals Service, as the levying
12  officer, to send a representative or agent to Wells Fargo to open the Safe Deposit
13  Box, by force if necessary, and inventory, photograph, and take possession of the
14  contents of the Safe Deposit Box as set forth above and in the Agreement;

15                 (d)     allowing Enterprise's representative or agent to inventory,
16  photograph, evaluate, and appraise the contents of the Safe Deposit Box as set forth
17  above and in the Agreement;

18                 (e)     allowing the Rams' or their representative or agent to be present
19  when the Safe Deposit Box is opened, and if the Rams are not present or decline or
20  refuse to cooperate, allowing the United States Marshals Service, as the levying
21  officer, to open the Safe Deposit Box, by force if necessary;

22                 (f)     requiring Enterprise thereafter to provide written notice and
23  instructions to the United States Marshals Service, with a copy to the Rams'
24  counsel, to either (1) continue to hold the contents of the Safe Deposit Box pending
25  a further order from the Court, or, alternatively, (2) to release the contents of the
26  Safe Deposit Box back to the Rams;

27                 (g)     if Enterprise provides written notice and instructions to the
28  United States Marshals Service to continue to hold the contents of the Safe Deposit

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1  Box pending a further order from the Court, then directing the United States

2  Marshals Service to continue to hold the contents of the Safe Deposit Box pending a

3  further order from the Court;

4        (h)    if Enterprise provides written notice and instructions to the

5  United States Marshals Service to release the contents of the Safe Deposit Box back

6  to the Rams, then directing the United States Marshals Service to release the

7  contents of the Safe Deposit Box to the Rams, in care of their counsel, Meegan,

8  Hanschu & Kassenbrock, 11341 Gold Express Drive, Suite 110, Gold River,

9  California 95670, Attention: David M. Meegan.

10

11  Dated:  November 21, 2013              RUTAN & TUCKER

12

13                                         By:    /s/
                                           _____

14                                              Roger F. Friedman
                                                Attorneys for Judgment Creditor
15                                              Enterprise Bank & Trust

16

17  Dated:  November __, 2013              MEEGAN, HANSCHU &

18                                         KASSENBROCK

19

20                                         By:    /s/
                                           _____

21                                              David M. Meegan
                                                Attorneys for Judgment Debtors
22                                              Madhu Ram, Sadhna Ram, and J-
                                                Ville Properties, Inc.
23

24

25

26
                          [ORDER ON NEXT PAGE]
27

28

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-8-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

1

2

## __ORDER__

3       The Court has read the foregoing Stipulation between Enterprise and the

4   Rams, and finding good cause, hereby orders as follows:

5       1.      The Stipulation is approved;

6       2.      Enterprise and the Rams shall comply with their agreements set forth in

7   the Stipulation; and

8       3.      Enterprise, the Rams, Wells Fargo, and the United States Marshals

9   Service, as the levying officer, shall comply with this Order approving the

10  Stipulation.

11

12  Dated: November 26, 2013

13

14

15                                          Troy L. Nunley
                                            United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2503/030875-0002
6352762.6 a11/26/13

-9-

STIPULATION AND ORDER REGARDING RELEASE OF LEVIED FUNDS
AND OPENING OF SAFE DEPOSIT BOX

# EXHIBIT A

## SETTLEMENT AGREEMENT AND CONDITIONAL MUTUAL RELEASE

This Settlement Agreement And Conditional Mutual Release (this "Agreement") is entered into, effective as of November 7, 2013, by and between judgment creditor Enterprise Bank & Trust ("Enterprise"), one the one hand, and judgment debtors Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc. (collectively, the "Rams," and collectively with Enterprise, the "Parties"), on the other hand, based on the following:

### RECITALS

A.       On April 30, 2013, the United States District Court, Southern District of Indiana, Indianapolis Division, in Case No. 1:11-cv-01562-TWP-DML (the "Action"), entered that certain Final Judgment And Decree Of Foreclosure [Dkt. No. 158] in favor of Enterprise and against the Rams (the "Judgment").

B.       The Judgment was entered in favor of Enterprise and against Madhu Ram in the amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day through the date of entry of the Judgment for an additional $12,933.36.  (Judgment at ¶ R.) Therefore, the total principal amount of the Judgment entered against Madhu Ram is $575,845.19 through April 30, 2013.  Post-judgment interest has accrued on the unpaid Judgment entered against Madhu Ram at the rate of eight percent (8%) per annum pursuant to Indiana Code § 24-4.6-1-101.

C.       The Judgment was entered in favor of Enterprise and against Sadhna Ram in the amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day through the date of entry of the Judgment for an additional $12,933.36.  (Judgment at ¶ S.) Therefore, the total principal amount of the Judgment entered against Sadhna Ram is $575,845.19 through April 30, 2013.  Post-judgment interest has accrued on the unpaid Judgment entered against Sadhna Ram at the rate of eight percent (8%) per annum pursuant to Indiana Code § 24-4.6-1-101.

D.       The Judgment was entered in favor of Enterprise and against J-Ville Properties, Inc. in the amount of $587,124.22 as of June 19, 2012, plus interest at the rate of $177.91 per day through the date of entry of the Judgment for an additional $56,041.65.  (Judgment at ¶ B.)  Therefore, the total principal amount of the Judgment entered against J-Ville Properties, Inc. is $643,165.87 through April 30, 2013.  Post-judgment interest has accrued on the unpaid Judgment entered against J-Ville Properties, Inc. at the rate of eight percent (8%) per annum pursuant to Indiana Code § 24-4.6-1-101.

E.       On July 2, 2013, Enterprise registered the Judgment for enforcement in the state of California by filing in the United States District Court, Eastern District of California (the "Court"), a Clerk's Certification Of A Judgment To Be Registered In Another District [Dkt. No. 1], thereby initiating Case No. 2:13-mc-00063-TLN-DAD.  A true and correct copy of the registered Judgment is attached to this Agreement as Exhibit 1, and is incorporated herein by this reference as if set forth in its entirety.

F.       Thereafter, Enterprise sought to enforce the Judgment against the Rams. Among other things, Enterprise sought and obtained from the Court a Writ Of Execution [Dkt. No. 3] and an Abstract Of Judgment [Dkt. No. 4].

G.      On July 26, 2013, Enterprise filed with the Secretary of State of the State of California a Notice Of Judgment Lien against each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc.

H.      On August 23, 2013, Enterprise caused bank levies to be issued against any bank accounts and safe deposit boxes held in the name of each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc. at Bank of America, N.A. ("BofA") and Wells Fargo Bank, N.A. ("Wells Fargo").  The levy on BofA was not successful.  The levy on Wells Fargo was successful, capturing approximately $135,000 held in various accounts in the names of Madhu Ram and/or Sadhna Ram (the "Accounts"), and a safe deposit box in the names of Madhu Ram and/or Sadhna Ram (the "Safe Deposit Box").

I.      On August 26 and 27, 2013, Enterprise recorded with the County Clerk-Recorder of each of Orange County, Riverside County, and Sacramento County, California, an Abstract Of Judgment against each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc.

J.      On or about September 19, 2013, Enterprise caused to be served on each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc. (1) an Application And Order For Appearance And Examination (Enforcement Of Judgment), and (2) a Civil Subpoena (Duces Tecum) For Personal Appearance And Production Of Documents, Electronically Stored Information, And Things At Trial Or Hearing And Declaration.  Judgment Debtor Examinations of the Rams currently are scheduled for December 20, 2013.

K.      Madhu Ram and Sadhna Ram claim certain exemptions concerning the levy on the Accounts and the Safe Deposit Box at Wells Fargo.  On or about September 24, 2013, the United States Marshals Service, as the levying officer, served Enterprise with a copy of Madhu Ram and Sadhna Ram's Claim Of Exemption (Enforcement Of Judgment).

L.      On or about October 3, 2013, Enterprise filed and served its Notice Of Opposition To Claim Of Exemption, whereby Enterprise challenges certain of the Rams' claimed exemptions.  A Court hearing on Enterprise's Opposition To Claim Of Exemption currently is scheduled for December 5, 2013.

M.      Enterprise contends that the Rams owe the entire amount of the Judgment and that Enterprise is entitled to enforce the Judgment against any and all of the Rams' nonexempt assets.  Enterprise further contends that certain of the Rams' claimed exemptions should be disallowed.  Enterprise further contends that, based on the Judgment enforcement activity summarized above, it has properly perfected Judgment liens against various real property and personal property assets of the Rams.  The Rams deny Enterprise's contentions.

N.      The Rams do not dispute that Enterprise has a final Judgment against them.  The Rams do, however, contend that they have legitimate defenses to enforcement of the Judgment and proper exemptions concerning Enterprise's Judgment enforcement efforts.  Among other things, the Rams contend that the Judgment amount should be reduced on account of payments made by Mohan Reddyreddy pursuant to the terms of a separate settlement agreement reached between Enterprise and Mohan Reddyreddy.  If not for the Parties' settlement and this Agreement, the Rams would continue to assert and seek a ruling on their defenses and exemptions.  Enterprise denies the Rams' contentions.

O.      The Parties dispute each other's contentions as set forth in Recitals M and N above, and any and all actual or potential claims and defenses of each other in connection with the Judgment and Judgment enforcement matters.

P.      The Parties, while acknowledging that certain matters addressed this Agreement are and remain disputed, nevertheless desire and have agreed to fully and finally resolve, settle, and conditionally release any and all issues, grievances, disputes, differences, controversies, claims, and defenses that they may have with respect to the matters addressed in this Agreement.

## AGREEMENT

NOW, THEREFORE, the Parties stipulate and agree as follows:

1.      Incorporation of Recitals.  The Recitals set forth above are incorporated herein by this reference and are made a part of this Agreement as if set forth in their entirety.

2.      Settlement Payment.  The Rams shall pay Enterprise the principal sum of $250,000.00 (the "Settlement Sum"), within thirty-six (36) months after any one of the Rams sign this Agreement, as follows:

A.      Payment From The Accounts.  The Rams shall pay to Enterprise $125,000.00 of the funds levied from the Wells Fargo Accounts.  The balance of the funds levied from the Wells Fargo Accounts shall be released back to the Rams.  The Parties shall cooperate in obtaining a Court order and in issuing instructions to Wells Fargo and the United States Marshals Service, as the levying officer, to release the funds as set forth herein.

B.      Promissory Note.  The Rams shall make a promissory note in favor of Enterprise in the amount of $125,000, payable at three percent (3%) interest per annum, fully amortized over a thirty-six (36) month period (the "Promissory Note"), substantially in the form attached hereto as Exhibit 2.  Payments under the Promissory Note shall be due on the first day of each calendar month, beginning the first full calendar month after the Parties sign this Agreement.  If the first day of any calendar month falls on a Saturday, Sunday, or legal holiday on which Enterprise is closed for business, then the payment due date will be the next business day.

3.      Form of Payments.  The payments described in Paragraph 2 above shall be paid as follows:

A.      Payments shall be sent by wire transfer directly to Enterprise's bank account.

B.      Payments shall be sent using the following wiring instructions:

**Exhibit A, Page 12**

Bank Name:  Enterprise Bank & Trust
Address:  150 North Meramec
      Clayton, MO 63105
Telephone:  (314) 993-6200
ABA Routing Number:  081006162
Account Number:  14500010
Account Name:  Loan Clearing
Memo:  "J-Ville Properties Inc #7400010500"

    C.   Payments shall be sent so that each payment actually is received in Enterprise's bank account on or before 4:00 p.m. prevailing Central Time on each due date.

    The Rams shall pay the Settlement Sum as set forth in Paragraph 2 above and this Paragraph 3, unless otherwise instructed in writing by Enterprise or its counsel.

    If any payment, in any form, is not fully and immediately negotiable when received by Enterprise, then the payment will be deemed to not have been paid.

    4.   Safe Deposit Box.  On September 27, 2013, the Rams' counsel sent to Enterprise's counsel a letter specifying the items and the value of the items contained in the Safe Deposit Box (the "Safe Deposit Box Letter").  A true and correct copy of the Safe Deposit Box Letter is attached hereto as Exhibit 3, and is incorporated herein by this reference as if set forth in its entirety.

    The Rams shall allow and cause the Safe Deposit Box to be opened in the presence of a representative or agent of the United States Marshals Service and a representative or agent of Enterprise so (a) the United States Marshals Service, as the levying officer, may inventory, photograph, and take possession of the contents of the Safe Deposit Box, and (b) the representative or agent of Enterprise may inventory, photograph, evaluate, and appraise the contents of the Safe Deposit Box.

    The Parties shall cooperate in obtaining a Court order and in issuing instructions to Wells Fargo and the United States Marshals Service, as the levying officer, to effectuate the terms of this Paragraph 4.

    To provide sufficient time to effectuate the terms of this Paragraph 4, the Parties shall cooperate in seeking a continuance to a date after January 15, 2014 of the Court hearing on Enterprise's Opposition To Claim Of Exemption currently scheduled for December 5, 2013.

    Provided the Rams were truthful in the Safe Deposit Box Letter about the contents of the Safe Deposit Box, and provided that the Rams make the initial $125,000 payment to Enterprise as set forth in Paragraph 2.A above, the contents of the Safe Deposit Box will be released back to the Rams.  If the Rams were not truthful about the contents of the Safe Deposit Box, or if the Rams do not make the initial $125,000 payment to Enterprise as set forth in Paragraph 2.A above, then (a) the United States Marshals Service will continue to hold the contents of the Safe Deposit Box pending a further order from the Court concerning

**Exhibit A, Page 13**

the Safe Deposit Box contents, and (b) Enterprise and the Rams will retain their respective rights, claims, and defenses with respect to the Safe Deposit Box and its contents.

5.      Time is of the Essence.  Time is of the essence for each and every payment obligation as set forth in Paragraphs 2 and 3 above.  Failure by the Rams to timely tender, in full, each and every payment of the Settlement Sum set forth in Paragraphs 2 and 3 above shall constitute an immediate and material default and breach of this Agreement by the Rams, without further notice or demand to the Rams.

6.      Result of Payment of Settlement Sum.  If and only if the Rams timely tender payment of the Settlement Sum, in full, as stated in Paragraphs 2 and 3 above, and if and only if Enterprise retains, without challenge, for a period of ninety-one (91) days after all payments required to be made under this Agreement have been honored by the issuing financial institution, then:

A.      Enterprise will waive all remaining amounts that are claimed to be due and owing under the terms of the Judgment, and any statute providing for pre-judgment and/or post judgment interest, and any remaining balance of the Judgment will be deemed forgiven;

B.      Enterprise will file with the Court a Satisfaction of Judgment as to each of Madhu Ram, Sadhna Ram, and J-Ville Properties, Inc.; and

C.      Enterprise will provide the Rams with notices of release of Judgment liens, which the Rams may then record with the County Clerk-Recorder of each of Orange County, Riverside County, and Sacramento County, California, and file with the California Secretary of State.

7.      Consequences of Default, Non-Payment, Forfeiture, or Non-Retention of Settlement Sum.  If the Rams fail to timely tender each and every payment of the Settlement Sum in full, or if the Rams are otherwise in material default of this Agreement, or if for any reason Enterprise is required to forfeit all or any part of the Settlement Sum, or if all or any part of the Settlement Sum is not retained by Enterprise because it is subject to avoidance and recovery as a preferential payment, fraudulent transfer, or for any other reason, then:

A.      The releases provided below in this Agreement will be null and void, and not effective in any way;

B.      The entire amount of the Judgment, less any portion of the Settlement Sum actually retained by Enterprise, will be immediately due and payable, in full, without further notice or demand to the Rams;

B.      Enterprise may take any and all lawful action that it deems necessary or appropriate to enforce and execute upon the Judgment; and

C.      Enterprise will be immediately entitled to enforce all of its rights and pursue all available remedies against the Rams.

**Exhibit A, Page 14**

8.     Release of Judgment Liens.  Enterprise is entitled to keep its judgment liens referenced above effective and in place until the expiration of ninety-one (91) days after all payments comprising the entire Settlement Sum have been honored by the issuing financial institution, and thereafter, Enterprise will provide the Rams with notices of release of Judgment liens, which the Rams may then record with the County Clerk-Recorder of each of Orange County, Riverside County, and Sacramento County, California, and file with the California Secretary of State.

9.     Enterprise's Conditional Release and Waiver of Claims Against the Rams.  In consideration of the Recitals set forth above and the mutual promises and agreements set forth herein, and upon passage of the ninety-first (91st) day following the issuing financial institution's honor of the final payment required to be made by the Rams under Paragraphs 2 and 3 above, Enterprise will hereby release the Rams and forever discharge the Rams, and their respective past and present agents, attorneys, employees, officers, directors, members, partners, representatives, trustees, beneficiaries, predecessors, successors, assigns, affiliates, subsidiaries, divisions, and related entities, if any, all of whom are third party beneficiaries of this Agreement, of and from any and all claims, damages, actions, acts, demands, rights of action, causes of action, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, controversies, and liabilities of every kind and nature whatsoever at law or in equity, liquidated or unliquidated, known or unknown, matured or unmatured, foreseeable or unforeseeable, whether or not concealed or hidden, that it ever had or now has against them, or ever had, now has, or in the future may have, arising out of or related to the Action and the Judgment, including, but not limited to, its rights to enforce any obligations to collect any amounts allegedly owing by the Rams under the Judgment.  Nothing in this release shall release any right or obligation under this Agreement.  Nothing in this release shall release any obligation under the Judgment if the Rams fail to timely and fully pay the entire Settlement Sum.

10.     The Rams Release and Waiver of Claims Against Enterprise.  In consideration of the Recitals set forth above and the mutual promises and agreements set forth herein, and upon passage of the ninety-first (91st) day following the issuing financial institution's honor of the final payment required to be made by the Rams under Paragraphs 2 and 3 above, the Rams will hereby release Enterprise and forever discharge Enterprise, and its respective past and present agents, attorneys, employees, officers, directors, members, partners, representatives, trustees, beneficiaries, predecessors, successors, assigns, affiliates, subsidiaries, divisions, and related entities, if any, all of whom are third party beneficiaries of this Agreement, of and from any and all claims, damages, actions, acts, demands, rights of action, causes of action, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, controversies, and liabilities of every kind and nature whatsoever at law or in equity, liquidated or unliquidated, known or unknown, matured or unmatured, foreseeable or unforeseeable, whether or not concealed or hidden, that they ever had or now have against them, or ever had, now have, or in the future may have.  Nothing in this release shall release any right or obligation under this Agreement.

11.     Release and Waiver of Unknown Claims.  It is understood and agreed that the Parties' mutual releases set forth hereinabove extend to all claims of every kind, nature, and description whatsoever, current or future, suspected or unsuspected, known or unknown, within the scope of their respective releases, and that existed as of the date the Parties execute

**Exhibit A, Page 15**

this Agreement.  The Parties expressly acknowledge that they are familiar with and expressly waive and relinquish every right or benefit that they have or may have under the provisions of Section 1542 of the Civil Code of California and any comparable statute of any other jurisdiction as to unknown claims within the scope of their respective releases.  Section 1542 reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

12.    <u>Understanding of Effect of Releases</u>.  The Parties hereby represent and warrant to each other that they have been advised by independent legal counsel of their own choosing regarding the contents of this Agreement, and that they understand and acknowledge the significance and consequence of their respective releases and of their specific waivers of Civil Code Section 1542.  The Parties expressly consent that their respective releases shall be given full force and effect according to each and all of their express terms and provisions, including those relating to future, unsuspected, and unknown claims, demands, and causes of action, if any, within the scope of the express terms and provisions of the foregoing releases.

13.    <u>Effect of Bankruptcy, Assignment for the Benefit of Creditors, Insolvency Proceeding, or Forfeiture or Non-Retention of Settlement Sum</u>.  If any bankruptcy case, assignment for the benefit of creditors, or other insolvency proceeding is filed by or against the Rams within ninety-one (91) days after the issuing financial institution honors the final payment required under Paragraphs 2 and 3 above, or if Enterprise is required to forfeit all or any part of the Settlement Sum, or if all or any part of the Settlement Sum is not retained by Enterprise because it is subject to avoidance and recovery as a preferential payment, fraudulent transfer, or for any other reason, then the releases granted in this Agreement will be null and void, and not effective in any way, and Enterprise will be immediately entitled to seek relief from the automatic stay to enforce its claims and the Judgment against the Rams, assert claims against the Rams in their bankruptcy case for enforcement of the Judgment, pursue claims for nondischargeability of debt against the Rams based on claims that Enterprise did not previously plead in the Action, and seek any and all relief and exercise all rights and remedies to which Enterprise may be entitled under Indiana law, California law, the United States Bankruptcy Code, and other applicable law.

14.    <u>Covenant Not to Sue; Defense</u>.  Except insofar as may be necessary to enforce the rights under this Agreement or the Judgment, the Parties covenant and agree that they will forever refrain from instituting, pursuing, or in any way aiding any claims, actions, demands, rights of action, or causes of action released hereby and that this Agreement may be pleaded by an entity or individual released herein as a full and complete defense to any claims, actions, demands, rights of action, causes of action, or other proceedings that may be brought by or on behalf of the Rams or Enterprise relating to any claims, actions, demands, rights of action, or causes of action released hereby.

15.     Entire Agreement.  This Agreement contains the sole, complete, and entire agreement and understanding of the Parties concerning the matters contained herein and may not be altered, modified, or changed in any manner except by a writing duly executed by the Parties, stating that such writing is by its express terms an amendment to this Agreement. Except as stated herein, none of the Parties are relying on any representations by any other Party in executing this Agreement.  No conditions precedent to the effectiveness of this Agreement exist, other than as expressly provided for herein.  There are no oral or written collateral agreements.  All prior discussions and negotiations regarding the settlement embodied by this Agreement have been and are merged, integrated into, and superseded by this Agreement.

16.     No Novation.  This Agreement does not constitute, nor shall it be construed as, a novation of or amendment to the Judgment or the Rams' obligations underlying the Judgment.  Thus, the Parties retain all of their respective rights, claims, remedies, and defenses with respect to the Judgment, the Rams' obligations underlying the Judgment, the calculation of the balance owed on the Judgment in the event it becomes necessary to do so, and the facts and circumstances giving rise to the Judgment, unless and until otherwise released under the terms of this Agreement.  If the Rams fulfill all of their payment obligations required under the terms of this Agreement and all other requirements of this Agreement are satisfied, then all contractual relationships and payment obligations between the Rams and Enterprise that existed prior to this Agreement, will be terminated.

17.     No Waiver of Rights.  The delay or failure of either Enterprise or the Rams to exercise any right, power, or privilege hereunder, or failure to strictly enforce any breach or default shall not constitute a waiver with respect thereto; and no waiver of any such right, power, privilege, breach, or default on any one occasion shall constitute a waiver thereof on subsequent occasions unless clear and express notice thereof in writing is provided.  No waiver of any right, power, privilege, breach, or default hereunder will be binding unless it is in writing and signed by an officer of the party against whom the waiver is to be construed.

18.     Severability.  If any provision of this Agreement is held to be invalid, illegal, or unenforceable, that provision shall be interpreted as severable and severed from this Agreement and all other provisions contained in this Agreement shall nevertheless continue and remain in full force and effect, provided that the Agreement that remains does not change the nature or effect of the Rams' payment obligations and the respective releases provided for in the original Agreement.

19.     Attorneys' Fees Upon Breach.  If any action at law or in equity, or any motion or application is brought arising out of this Agreement, or if any action at law or in equity, or any motion or application, is brought to enforce, interpret, or rescind this Agreement, then the prevailing party shall be entitled to all of its costs in bringing and prosecuting or responding to and defending said action or motion, including, without limitation, its reasonable attorneys' fees.

20.     Costs.  Except as set forth in Paragraphs 7 and 19 of this Agreement, the Parties agree to bear their own costs and attorneys' fees in connection with the matters addressed in this Agreement, the negotiation and preparation of this Agreement, and the preparation of any legal pleadings necessary to obtain approval of this Agreement.

**Exhibit A, Page 17**

21.     Applicable Law.  This Agreement shall be construed according to the laws of the State of California in effect as of the date of execution hereof.

22.     Advice of Counsel.  The Parties represent and warrant to each other that, prior to the execution of this Agreement, they sought the advice of independent legal counsel of their own selection regarding the substance of this Agreement, or have had the opportunity to consult with independent legal counsel and have knowingly chosen not to do so.

23.     Successors and Assigns.  This Agreement, including the releases contained herein, shall obligate, be binding upon, extend to, and inure to the benefit of each of the successors, assigns, grantees, and transferees of each of the Parties hereto, who may assume any and all of the above-described capacities subsequent to the execution of this Agreement, including, but not limited to, any trustee appointed in any bankruptcy case, any assignee in any assignment for the benefit of creditors, or any creditor(s) or committee(s) in any such bankruptcy case or assignment for the benefit of creditors.

24.     Further Assurances.  The Parties agree to and shall cooperate fully with each other in the performance of this Agreement, and shall execute such additional agreements, documents, stipulations, and/or instruments as may reasonably be required to carry out the intent of the parties to this Agreement.

25.     No Admission.  The Parties are executing this Agreement for the sole purpose of settling the matters involved in the disputes that are described herein, and it is expressly understood and agreed, as a condition hereof, that this Agreement should not constitute nor be construed to be an admission of the truth or correctness of any argument or position, or any lien, claim, defense, or claim of exemption in connection with enforcement of the Judgment asserted by any of the Parties hereto.

26.     Warranties.  The Rams and Enterprise warrant:  (a) that no other person or entity had, has, or claims any interest in any of the claims, damages, actions, acts, demands, rights of action, causes of action, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, controversies, and liabilities covered in this Agreement; (b) that they, and each of them, have the sole right, power, and exclusive authority under applicable law to grant the releases referred to herein, and execute and perform this Agreement; and (c) that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claims, damages, actions, acts, demands, rights of action, causes of action, judgments, obligations, attorneys' fees, indemnities, subrogations, duties, controversies, and liabilities covered in this Agreement (including, without limitation, those arising out of or relating to the Action and the Judgment).

27.     Survival of Warranties and Representations.  The warranties and representations made herein are material and shall survive the execution, delivery, and performance of this Agreement, and shall be binding upon the respective heirs, representatives, assigns, and successors of the Parties.  Any investigation, diligence, or review by any party shall not in any way impair the viability and full effect of any provision of this Agreement, including but not limited to, the representations and warranties.

28.     Preparation of Agreement.  The Rams and Enterprise acknowledge that this Agreement has been drafted with the suggestions and revisions of all Parties or, alternatively,

**Exhibit A, Page 18**

all Parties have had an opportunity to have input into the drafting of this Agreement.  As a result, the terms of this Agreement shall not be construed more strictly against one party than the other party.

29.    <u>Retention of Jurisdiction and Resolution of Disputes</u>.  The Parties agree, and hereby request of the Court, that the Court retain jurisdiction over the Judgment and the Parties to this Agreement for purposes of confirming full performance of this Agreement, permitting the exercise of all rights under this Agreement, including but not limited to, the conditional right of Enterprise to seek further enforcement of the Judgment, interpreting and enforcing this Agreement, and all other matters relating to the Judgment, enforcement of the Judgment, and this Agreement.  The Parties agree that the Court shall have sole jurisdiction to decide any dispute arising out of this Agreement.

30.    <u>Headings</u>.  The headings included in this Agreement are for convenience only and do not expand, limit, alter, or affect the matters contained in this Agreement or the paragraphs that they encaption.

[Agreement Continued And Signatures On Next Page]

31.     Counterparts. This Agreement may be executed in one or more counterparts and by facsimile, each of which shall be deemed an original, and all of which together shall constitute one single original Agreement.

WHEREFORE, the parties stipulate and agree to the all of the foregoing.

**ENTERPRISE BANK & TRUST**

Signature: _____

Print Name: _STEPHEN F. RIES_____

Its: _VICE-PRESIDENT_____


**MADHU RAM**

Signature: _____

Print Name: _____


**SADHNA RAM**

Signature: _____

Print Name: _____


**J-VILLE PROPERTIES, INC.**

Signature: _____

Print Name: _____

Its: _____

31.    Counterparts.  This Agreement may be executed in one or more counterparts and by facsimile, each of which shall be deemed an original, and all of which together shall constitute one single original Agreement.

WHEREFORE, the parties stipulate and agree to the all of the foregoing.

**ENTERPRISE BANK & TRUST**

Signature: _____

Print Name: _____

Its: _____

**MADHU RAM**

Signature: _____

Print Name: MADHU RAM

**SADHNA RAM**

Signature: _____

Print Name: Sadhna Ram

**J-VILLE PROPERTIES, INC.**

Signature: _____

Print Name: MADHU RAM

Its: President

**EXHIBIT 1**

**Judgment**

AO 451 (Rev. 01/09)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

**FILED**

JUL 02 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
                    DEPUTY CLERK

| | |
|---|---|
| STAR FIRST NATIONAL BANK, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| J-VILLE PROPERTIES, INC., et al. | ) |
| *Defendant* | ) |

Civil Action No.  1:11-cv-1562-TWP-DML

2 13 MC 63 TLN DAD

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*      04/30/2013      .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:      06/07/2013

*CLERK OF COURT*   **CLERK**

_____
*Signature of Clerk or Deputy Clerk*

Case 2:13-mc-00063-TLN-DAD   Document 28   Filed 11/27/13   Page 25 of 45

Case 1:11-cv-01562-TWP-DML   Document 158   Filed 04/30/13   Page 1 of 9 PageID #: 1879
Case 2:13-mc-00063-TLN-DAD   Document 1   Filed 07/02/13   Page 2 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STAR FIRST NATIONAL BANK, and STAR PROPERTIES, INC., doing business as STAR ASSETS, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) | Case No. 1:11-cv-01562-TWP-DML |
| | ) | |
| J-VILLE PROPERTIES, INC., MANGA REDDYREDDY, MOHAN REDDYREDDY, SADHNA RAM, MADHU RAM, ENTERPRISE BANK & TRUST COMPANY successor in interest to VALLEY CAPITAL BANK, STATE OF INDIANA DEPARTMENT OF REVENUE UNITED STATES SMALL BUSINESS ADMINISTRATION, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, and STERLING BANK, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | | |

**FINAL JUDGMENT AND DECREE OF FORECLOSURE**

The Court, having granted the Motion to Dismiss the United States Internal Revenue

Service ("IRS") (Dkt. 50), entered the Default Judgment against the Indiana Department of

Revenue ("IDOR") and Sterling National Bank ("Sterling") (Dkt. 73); granted the Partial Agreed

Judgment between Zions First National Bank (now Star Properties, Inc.) ("Star"), Enterprise

Bank & Trust Company ("Enterprise"), J-Ville Properties, Inc. ("J-Ville"), Manga Reddyreddy

and Mohan Reddyreddy ("the Reddyreddys"), Sadhna Ram and Madhu Ram ("the Rams"), the

United States of America Small Business Administration (the "SBA"), and Montgomery County,

Indiana ("Montgomery County") (Dkt. 122); granted Enterprise's and the Reddyreddys' Joint

Motion to Dismiss Counts II and III of Enterprise's Cross-Claim and Counterclaim and to

Dismiss Mohan Reddyreddy and Manga Reddyreddy as Defendants to the Cross-Claim and

Counterclaim (Dkt. 126); granted Star's and Enterprise's Cross-Motions for Partial Summary Judgment and Enterprise's Motion for Immediate Entry of Summary Judgment Against Madhu Ram and Sadhna Ram (Dkt. 133); and granted Star's Motion to Dismiss the Reddyreddys (Dkt. 156) now finds that:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

A.     Judgment is entered in favor of Star against J-Ville in the amount of $1,586,803.15 as of September 11, 2012, plus interest continuing to accrue after September 11, 2012 at the rate of $274.11 per day and default interest at the rate of $371.19 per day through the date of the entry of this Judgment, all without relief from valuation and appraisement laws.

B.     Judgment is entered in favor of Enterprise against J-Ville in the amount of $587,124.22 as of June 19, 2012, plus interest continuing to accrue after June 19, 2012 at the rate of $177.91 through the date of the entry of this Judgment, all without relief from valuation and appraisement laws.

C.     Judgment is entered in favor of the SBA against J-Ville in the amount of $1,237,994.26 as of October 24, 2012, plus interest continuing to accrue after October 24, 2012 at the rate of $170.63 per day through the date of the entry of this Judgment, all without relief from valuation and appraisement laws.

D.     Judgment is entered against J-Ville that the Zions Mortgage be foreclosed against the Real Estate in favor of Star and declared superior to all right, title and interest in and to the Real Estate claimed by J-Ville and anyone claiming by, through or under J-Ville, including Enterprise and the SBA.

E.     Judgment is entered that the liens of the Zions Mortgage be foreclosed in favor of Star, foreclosing and barring J-Ville's and any other Defendant's rights of redemption, if any, and the right of redemption of all parties herein other than Star, and foreclosing and barring any

2

right, title, interest or lien of any person claiming through J-Ville and the Defendants or through any party other than Star in, to or on the Real Estate except that with respect to any lien of the SBA, the SBA shall have the right to redeem within the time period provided by 28 U.S.C. § 2410(c).

   F. The Real Estate shall be sold by the United States Marshal or the Sheriff of Montgomery County, Indiana, in the manner provided by law, without relief from valuation and appraisement laws, with Star permitted to bid in its judgment or judgments in this action, and with the proceeds of such sale to be applied in the following manner:

  a. **First**, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the sale of the Real Estate and all outstanding real estate taxes due any outstanding sewer liens;

  b. **Second**, to the judgment or judgments of Star in the amount of $1,473,303.94;

  c. **Third**, to the judgment or judgments of Enterprise in the amount of $560,890.96 as of June 19, 2012, plus interest continuing to accrue from June 19, 2012 through the date of the entry of this Judgment at the non-default rate of $111.87;

  d. **Fourth**, to the judgment of the SBA;

  e. **Fifth**, to the judgment of Star for default interest of $45,436.09 plus interest continuing to accrue from September 11, 2012 through the date of the entry of this Judgment at the default rate of $371.19 per day, late fees of $9,811.72, and prepayment fee of $58,251.40;

  f. **Sixth,** to the judgment of Enterprise for default interest of $25,358.98 as of June 19, 2012, plus interest continuing to accrue from June 19, 2012 through the date of this Judgment at the rate of $66.04 per day, and late fees of $874.28; and

3

**Exhibit A, Page 26**

g. **Seventh**, to the lien held by Montgomery County, Indiana in the amount of $11,950.13 plus interest and penalties, and any sums remaining after payment to the above items to be immediately paid to the Court to be held for appropriate disposition to any other party entitled thereto.

G.     Enterprise shall have the right at the sale to bid in its judgment for the Real Estate and in the event that it is the successful bidder, it shall have the right to apply the amount of the judgment herein rendered, or so much thereof as may be required, as a credit toward the purchase price of the Real Estate; provided, however, that Enterprise shall be obligated to satisfy Star's judgment as set forth above before taking title to the Real Estate.

H.     SBA shall have the right at the sale to bid in its judgment for the Real Estate and in the event that it is the successful bidder, it shall have the right to apply the amount of the judgment herein rendered, or so much thereof as may be required, as a credit toward the purchase price of the Real Estate; provided, however, that SBA shall be obligated to satisfy Star's and Enterprise's judgments as set forth above before taking title to the Real Estate.

I.     Montgomery County shall have the right at the sale to bid in its judgment for the Real Estate and in the event that it is the successful bidder, it shall have the right to apply the amount of the judgment herein rendered, or so much thereof as may be required, as a credit toward the purchase price of the Real Estate; provided, however, that Montgomery County shall be obligated to satisfy the judgments of Star, Enterprise, and the SBA as set forth above before taking title to the Real Estate.

J.     J-Ville and all parties herein claiming by, through or under the Defendants are hereby ordered to surrender full and peaceful possession of the Real Estate to the holder of such deed, bill of sale, or a copy thereof as results from the sale, and that if J-Ville, the Defendants and all parties claiming by, through or under the Defendants do not surrender full and peaceful

4

Case 2:13-mc-00063-TLN-DAD   Document 28   Filed 11/27/13   Page 29 of 45

Case 1:11-cv-01562-TWP-DML   Document 158   Filed 04/30/13   Page 5 of 9 PageID #: 1883
Case 2:13-mc-00063-TLN-DAD   Document 1   Filed 07/02/13   Page 6 of 10

possession of the Real Estate, then an Order be issued directing the United States Marshal or the Sheriff of Montgomery County, Indiana to enter the Real Estate and eject and remove therefrom J-Ville, the Defendants and all parties claiming by, through or under the Defendants or any persons who may be in possession of the Real Estate.

K.       Judgment is hereby entered against J-Ville that the Leases and Rents be foreclosed against J-Ville in favor of Star and declared superior to all right, title and interest in and to the Leases and Rents claimed by J-Ville, the Defendants, or by any other parties and/or anyone claiming through the Defendants or through any party herein other than Star.

L.       Judgment is hereby entered that the liens of the Zions Assignment are foreclosed in favor of Star, foreclosing and barring J-Ville's and the Defendants' rights of redemption and the right of redemption of all parties herein other than Star, and foreclosing and barring any right, title, interest or lien of any person other than Star in, to or on the Leases and Rents.

M.       J-Ville and/or any party herein is ordered to comply with the obligations under the Zions Assignment, deliver the Leases and Rents to Star, and direct the Leases and Rents to be made payable directly to Star pursuant to the terms of the Zions Assignment.

N.       Judgment is hereby entered against J-Ville that Star's lien against the Personal Property be foreclosed against J-Ville in favor of Star and declared superior to all right, title and interest in and to the Personal Property claimed by J-Ville, the Defendants, or by any other parties and/or anyone claiming through the Defendants or through any party herein other than Star.

O.       The Personal Property shall be sold by the United States Marshal or the Sheriff of Montgomery County, Indiana, in the manner provided by law, without relief from valuation and appraisement laws, with Star permitted to bid in its judgment or judgments in this action, and with the proceeds of such sale to be applied in the following manner:

5

a. **First**, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the sale of the Personal Property;

b. **Second**, to the judgment or judgments of Star; and

c. **Third,** (i) with respect to the Personal Property described in the UCC Financing Statement filed by the Reddyreddys with the Delaware Secretary of State on or about December 15, 2011 as Instrument No. 20114809342, and the Equipment Finance Agreement referenced in said UCC Financing Statement, to the judgment or judgments of the SBA, then to the Reddyreddys in the amount of $20,000.00, and (ii) with respect to the rest of the Personal Property, to the judgment of Enterprise in the amount of $587,124.22 as of June 19, 2012, plus interest continuing to accrue after June 19, 2012 at the rate of $177.91 through the date of this Judgment, then to the judgment or judgments of the SBA, and (iii) with any sums remaining after payment to the above items to be immediately paid to the Court to be held for appropriate disposition to any other party entitled thereto.

P.     Judgment is hereby awarded to Star pursuant to Count IV of Star's Amended Complaint, against Madhu Ram in the amount of $1,586,803.15 as of September 11, 2012, which includes the amount of the Agreed Judgment against J-Ville in favor of Star of $1,473,303.94, default interest of $45,436.09, late fees of $9,811.72, and a pre-payment fee of $58,251.40; plus interest continuing to accrue after September 11, 2012 at a rate of $274.11 per diem, and default interest at the rate of $371.19 per day through the date of this Judgment, all without relief from valuation and appraisement laws.

Q.     Judgment is hereby awarded to Star pursuant to Count IV of Star's Amended Complaint, against Sadhna Ram in the amount of $1,586,803.15 as of September 11, 2012, which includes the amount of the Agreed Judgment against J-Ville in favor of Star of

**Exhibit A, Page 29**

$1,473,303.94, default interest of $45,436.09, late fees of $9,811.72, and a pre-payment fee of $58,251.40; plus interest continuing to accrue after September 11, 2012 at a rate of $274.11 per diem, and default interest at the rate of $371.19 per day through the date of this Judgment, all without relief from valuation and appraisement laws.

    R.    Judgment is hereby awarded to Enterprise pursuant to Count IV of Enterprise's Cross-Claim and Counterclaim against Madhu Ram, in the principal amount of $425,480.86, plus interest accrued as of December 13, 2012 in the amount of $97,572.91, plus late fees of $874.28, plus attorneys' fees and costs in the amount of $38,983.78, for a total judgment in the amount of $562,911.83 as of December 13, 2012, plus interest continuing to accrue after December 13, 2012 at the rate of $93.72 per diem through the date of this Judgment, all without relief from valuation and appraisement laws.

    S.    Judgment is hereby awarded to Enterprise pursuant to Count V of Enterprise's Cross-Claim and Counterclaim against Sadhna Ram, in the principal amount of $425,480.86, plus interest accrued as of December 13, 2012 in the amount of $97,572.91, plus late fees of $874.28, plus attorneys' fees and costs in the amount of $38,983.78, for a total judgment in the amount of $562,911.83 as of December 13, 2012, plus interest continuing to accrue after December 13, 2012 at the rate of $93.72 per diem through the date of this Judgment, all without relief from valuation and appraisement laws.

    T.    Star's claims against Mohan Reddyreddy and Manga Reddyreddy are hereby dismissed without prejudice.

    U.    Mohan Reddyreddy and Manga Reddyreddy are hereby dismissed as Defendants to the Cross-Claim and Counterclaim filed by Enterprise, without prejudice, with each party to bear their own attorneys' fees, expenses and costs.

**Exhibit A, Page 30**

Case 2:13-mc-00063-TLN-DAD   Document 28   Filed 11/27/13   Page 32 of 45

Case 1:11-cv-01562-TWP-DML   Document 158   Filed 04/30/13   Page 8 of 9 PageID #: 1886
Case 2:13-mc-00063-TLN-DAD   Document 1   Filed 07/02/13   Page 9 of 10

V.      Judgment by default is hereby entered against the IDOR in favor of Star, and any interest of the IDOR in the Real Estate is hereby declared subordinate and inferior to Star's lien pursuant to the Zions Mortgage and such interest may and shall be foreclosed upon a sale of the Real Estate.

W.      Judgment by default is hereby entered against Sterling in favor of Star, and any interest of Sterling in the Personal Property is hereby declared subordinate and inferior to Star's lien pursuant to the Zions Mortgage and the Security Agreement, and such interest may and shall be foreclosed upon a sale of the Personal Property.

X.      Claims against the IRS are hereby dismissed; however, this Judgment does not affect the IRS's redemption rights under 28 U.S.C. § 2410(c) as to any liens other than those set forth in the Amended Verified Complaint (Dkt. 14).


**SO ORDERED.**

Date:   04/30/2013
                                        _____
                                        Hon. Tanya Walton Pratt, Judge
                                        United States District Court
                                        Southern District of Indiana

Laura Briggs, Clerk
United States District Court


By: Deputy Clerk

8

**Exhibit A, Page 31**

DISTRIBUTION:

Kayla D. Britton
FAEGRE BAKER & DANIELS -
Indianapolis
kayla.britton@faegrebd.com

John Francis William Fleming
FAEGRE BAKER DANIELS LLP
john.fleming@faegrebd.com

David Michael Bullington
HOPPER & BLACKWELL
dbullington@hopperblackwell.com

George W. Hopper
HOPPER & BLACKWELL
ghopper@hopperblackwell.com

Tyler M. Nichols
KIRTLEY, TAYLOR, SIMS, CHADD &
MINNETTE P.C.
tnichols@kirtleytaylorlaw.com

Martha R. Lehman
KRIEG DEVAULT, LLP
mlehman@kdlegal.com

James G. Lauck
KROGER GARDIS & REGAS LLP
jgl@kgrlaw.com

Niccole Rene Sadowski
TUCKER/HESTER, LLC
nsadowski@thbklaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

UNITED STATES DISTRICT COURT
Southern District of Indiana
I, the undersigned Clerk of the
Court do hereby certify that
his is a true, correct and full copy
of the original Final Judgment
on file in my custody.
Cause No. 1:11-cv-1562-TWP-DML
Dated June 7, 2013
Laura A. Briggs Clerk
by _____ , Deputy Clerk
nine (9) . # of pages (text)
_____ # of pages (exhibits)

9

**Exhibit A, Page 32**

1  Roger F. Friedman (State Bar No. 186070)
   RUTAN & TUCKER, LLP
2  611 Anton Boulevard, Suite 1400
   Costa Mesa, California 92626-1931
3  rfriedman@rutan.com
   Telephone:  714-641-5100
4  Facsimile:   714-546-9035

5  Attorneys for Judgment Creditor
   ENTERPRISE BANK & TRUST
6

**FILED**

**JUL 02 2013**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ 22
        DEPUTY CLERK

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                          SACRAMENTO

11  STAR FIRST NATIONAL BANK, and        Case No.  2 13 mc 63 TLN
    STAR PROPERTIES, INC., doing business               DAD
12  as STAR ASSETS, INC.,

13              Plaintiffs,               **DECLARATION OF ROGER F.
                                          FRIEDMAN IN SUPPORT OF
14      v.                                REGISTRATION OF JUDGMENT
                                          FROM ANOTHER DISTRICT**
15  J-VILLE PROPERTIES, INC., MANGA
    REDDYREDDY, MOHAN                     [28 U.S.C. § 1963]
16  REDDYREDDY, SADHNA RAM,
    MADHU RAM, ENTERPRISE BANK &
17  TRUST COMPANY, successor in interest
    to VALLEY CAPITAL BANK, STATE OF
18  INDIANA DEPARTMENT OF REVENUE
    UNITED STATES SMALL BUSINESS
19  ADMINISTRATION, UNITED STATES
    OF AMERICA INTERNAL REVENUE
20  SERVICE, and STERLING BANK,

21              Defendants.

22

23      I, Roger F. Freidman, declare:

24      1.   I am the attorney of record for judgment debtor Enterprise Bank & Trust

25  ("EBT"), who is a named defendant, cross-claimant and counter-claimant in the above-

26  captioned action.  I make this declaration in support of EBT's registration of judgment

27  from another district.  I have personal knowledge of the matters stated herein.

28      2.   EBT is a judgment creditor under the Final Judgment and Decree of

Rutan & Tucker, LLP
attorneys at law
790/030875-0002
5779921.2 a06/27/13                    -1-

DECLARATION OF ROGER F. FRIEDMAN
IN SUPPORT OF REGISTRATION OF
JUDGMENT FROM ANOTHER DISTRICT

1 Foreclosure entered in the United States District Court, Southern District of Indiana,
2 Indianapolis Division, on April 30, 2013 (the "Judgment"). The original, issued Clerk's
3 Certification of a Judgment to Be Registered in Another District is being filed concurrently
4 herewith. Judgment was entered in favor of EBT and against judgment debtors Madhu
5 Ram, Sadhna Ram and J-Ville Properties, Inc.

6       3.      Pursuant to Indiana Code § 24-4.6-1-101, post judgment interest accrues at
7 the rate of eight percent (8%) per annum.

8       4.      Judgment was entered in favor of EBT and against Madhu Ram in the
9 amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day
10 through the date of entry of the Judgment for an additional $12,933.36. (*See* Judgment at
11 ¶ R.) Therefore, the total principal amount of the Judgment entered against Madhu Ram is
12 **$575,845.19** through April 30, 2013. Post-judgment interest has accrued on the unpaid
13 Judgment entered against Madhu Ram in the amount of $7,067.76[1] from May 1, 2013,
14 through the date of this declaration, June 25, 2013.

15       5.      Judgment was entered in favor of EBT and against Sadhna Ram in the
16 amount of $562,911.83 as of December 13, 2012, plus interest at the rate of $93.72 per day
17 through the date of entry of the Judgment for an additional $12,933.36. (*See* Judgment at
18 ¶ S.) Therefore, the total principal amount of the Judgment entered against Sadhna Ram is
19 **$575,845.19** through April 30, 2013. Post-judgment interest has accrued on the unpaid
20 Judgment entered against Sadhna Ram in the amount of $7,067.76[1] from May 1, 2013,
21 through the date of this declaration, June 25, 2013.

22       6.      Judgment was entered in favor of EBT and against J-Ville Properties, Inc. in
23 the amount of $587,124.22 as of June 19, 2012, plus interest at the rate of $177.91 per day
24 through the date of entry of the Judgment for an additional $56,041.65. (*See* Judgment at
25 ¶ B.) Therefore, the total principal amount of the Judgment entered against J-Ville
26 Properties, Inc. is **$643,165.87** through April 30, 2013. Post-judgment interest has accrued

27

---

28 [1]   Post-judgment interest at the rate of 8% per annum from May 1, 2013 through June 25, 2013, at the daily rate of $126.21.

Rutan & Tucker, LLP
*attorneys at law*

790/030875-0002
5779921.2 a06/27/13

-2-

DECLARATION OF ROGER F. FRIEDMAN
IN SUPPORT OF REGISTRATION OF
JUDGMENT FROM ANOTHER DISTRICT

1  on the unpaid Judgment entered against J-Ville Properties, Inc. in the amount of

2  $7,894.32[2] from May 1, 2013, through the date of this declaration, June 25, 2013.

3        7.    Therefore, the total principal judgment amount entered in favor of EBT and

4  against Madhu Ram, Sadhna Ram and J-Ville Properties, Inc. is **$1,794,856.25**.  Post-

5  judgment interest has accrued in the total amount of **$22,029.84** from May 1, 2013,

6  through June 25, 2013.   Interest shall continue to accrue on the total amount of the

7  Judgment in EBT's favor at the rate of $393.39 per day until satisfied.

8        8.    Madhu Ram and Sadhna Ram's last known address is 4297 Winding Woods

9  Way, Fair Oaks, California 95628, County of Sacramento.

10        9.    J-Ville Properties, Inc.'s last known address is 2500 LaFayette Road,

11  Crawfordsville, IN 47933.

12        10.    EBT is a Missouri Chartered Trust Company whose corporate headquarters

13  address is 150 North Meramec, Clayton, MO 63105.

14        I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct.

16        Executed this 27th day of June, 2013, at Costa Mesa, California.

17

18                   _____

19                   Roger F. Friedman

20

21

22

23

24

25

26

27

28  [2]  Post-judgment interest at the rate of 8% per annum from May 1, 2013 through June 25, 2013, at the daily rate of $140.97.

Rutan & Tucker, LLP
attorneys at law

790/030875-0002
5779921.2 a06/27/13

-3-

DECLARATION OF ROGER F. FRIEDMAN
IN SUPPORT OF REGISTRATION OF
JUDGMENT FROM ANOTHER DISTRICT

**Exhibit A, Page 35**

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STAR FIRST NATIONAL BANK, et al.
**Cross-Claimant, Counter-Claimant and Judgment Creditor**
**ENTERPRISE BANK & TRUST**

## DEFENDANTS

J-VILLE PROPERTIES, INC., et al.
**Judgment Debtors MADHU RAM, SADHNA RAM and**
**J-VILLE PROPERTIES, INC.**

(b) County of Residence of First Listed Plaintiff  Johnson County, Kansas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sacramento
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Roger F. Friedman (State Bar No. 186070)
RUTAN & TUCKER, LLP
611 Anton Blvd., Suite 1400
Costa Mesa, California  92626        (714) 641-5100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

2 13 MC 63 TLN DAD

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☒ 5 Transferred from Another District *(specify)* USDC, Southern District of Indiana | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. Section 1963

Brief description of cause: Enforcement of judgment entered in the U.S. District Court, Southern District of Indiana in favor of Enterprise Bank & Trust and against Madhu Ram, Sadhna Ram and J-Ville Properties, Inc.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND** $1,794,856.25, plus interest

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  June 25, 2013

SIGNATURE OF ATTORNEY OF RECORD
Roger F. Friedman, Rutan & Tucker, LLP, Attorneys for Enterprise Bank & Trust

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Exhibit A, Page 36**

JS 44 Reverse (Rev. 09/11)

Case 2:13-mc-00063-TLN-DAD   Document 28   Filed 11/27/13   Page 38 of 45
Case 2:13-mc-00063-TLN-DAD   Document 1-2   Filed 07/02/13   Page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit A, Page 37**

**EXHIBIT 2**

**Promissory Note**

**PROMISSORY NOTE**

$125,000.00                                                                                November 7, 2013 ("Effective Date")

      FOR VALUE RECEIVED, MADHU RAM, an individual, SADHNA RAM, an individual, and J-VILLE PROPERTIES, INC., a California corporation (collectively "Maker"), promises to pay to the order of ENTERPRISE BANK & TRUST ("Holder") at 150 North Meramec, Clayton, Missouri 63105, or at such other address as Holder may direct from time to time in writing, the principal sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00) (the "Note Amount"), together with interest required under Section 1 below on the principal sum of this Note from time to time outstanding. All sums hereunder shall be payable in lawful money of the United States of America and shall be credited first to interest then due, if applicable, and the balance to principal. This Note is being executed and delivered by Maker to Holder pursuant to that certain Settlement Agreement and Conditional Mutual Release (the "Settlement Agreement") of even date herewith entered into by Maker and Holder.

      1)    **Interest Rate.** Interest shall accrue on the principal sum of this Note at the rate of 3.00% per annum, except in an Event of Default (as hereinafter defined), in which case interest shall accrue from the time of such Event of Default until such default at a rate equal to the lesser of (i) TEN PERCENT (10.00%) per annum, or (ii) the highest interest rate permitted under applicable law (the "Default Rate").

      2)    **Payments of Principal and Interest.** Commencing December 1, 2013, and on the first (1st) day of each subsequent month, for 36 consecutive months, including the December 1, 2013 payment, Maker shall pay Holder principal in installments of **$3,472.22** each, plus accrued interest on the Note Amount. Should interest not be paid when due, it shall become part of the principal and bear interest as herein provided. All computations of interest under this Note shall be made on the basis of a year of 360 days, for actual days elapsed. Principal amounts unpaid under this Note may not be reborrowed.

      3)    **Maturity Date.** The entire balance of all unpaid principal of the Note Amount and accrued and unpaid interest shall be fully due and payable on November 1, 2016 (the "Maturity Date").

      4)    **Prepayment of Principal.** Maker has the right to prepay any outstanding principal hereunder, in whole or in part, together with any unpaid accrued interest thereon, at any time without penalty.

      5)    **Event of Default**. Upon the occurrence and continuance of (a) a failure to pay any installment of principal and/or interest on this Note when due, or (b) a default under the Settlement Agreement (each an "Event of Default"), this Note shall, at the option of the Holder, become immediately due and payable upon written notice to the Maker during the continuance of such Event of Default. So long as any Event of Default exists hereunder, regardless of whether or not there has been an acceleration of the indebtedness evidenced hereby, and at all times after the Maturity Date, interest shall accrue on the outstanding principal balance of this Note at the Default Rate.

      6)    **No Wavier; Amendment**. No failure to accelerate the debt evidenced hereby by reason of default hereunder, acceptance of a partial or past due payment, or indulgences granted from time to time shall be construed (i) as a novation of this Note or as a reinstatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or the right of Holder thereafter to insist upon strict compliance with the terms of this Note, or (ii) prevent the exercise of such right of acceleration or any other right granted hereunder or by any applicable laws; and Maker hereby expressly waives the benefit of any statute or rule of law or equity now provided, or which may hereafter be provided, which would produce a result contrary to or in conflict with the foregoing. No extension of time for the payment of this Note or any installment due hereunder, made by agreement with any person now or hereafter liable for the payment of this Note shall

operate to release, discharge, modify, change of affect the original liability of Maker under this Note, either in whole or in part, unless Holder agrees otherwise in writing.  This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change or modification or discharge is sought.

7)    **Waivers**.   Presentment for payment, demand, protest and notice of demand, protest and nonpayment and all other notices are hereby waived by Maker.  Maker further waives and renounces, to the fullest extent permitted by law, all rights to the benefits of any statute of limitations and any moratorium, reinstatement, forbearance,  stay, extension and exemption now or hereinafter provided by applicable law against the enforcement and collection of the obligations evidenced by this Note.

8)    **Unconditional Payment.**   Maker is and shall be obligated to pay principal, interest and any and all other amounts which become payable hereunder absolutely and unconditionally and without abatement, postponement, diminution or deduction and without any reduction for counterclaim or offset.  In the event that any time any payment received by Holder hereunder shall be deemed by a court of competent jurisdiction to have been a voidable preference or fraudulent conveyance under any bankruptcy, insolvency or other debtor relief law, then the obligation to make such payment shall survive the cancellation or satisfaction of this Note or return thereof to the Maker and shall not be discharged or satisfied with any prior payment thereof or cancellation of this Note, but shall remain a valid and binding obligation enforceable in accordance with the terms and provisions hereof, and such payment shall immediately become due and payable.

9)    **Joint and Several Liability.**   Every Maker of this Note is liable for the obligations hereunder on a joint and several basis.

10)   **Attorney's Fees and Costs.**   In the event any indebtedness due under this Note, or any portion thereof, is collected by or through an attorney, Maker agrees to pay all costs of collection, including, but not limited to, reasonable attorney's fees and costs of collection.

11)   **Miscellaneous.**   This Note shall be interpreted, construed and enforced according to the laws of the State of California.  The terms and provisions hereof shall be binding upon and inure to the benefit of Maker and Holder and their respective heirs, executors, legal representatives, successors, successors-in-interest and assigns, whether by voluntary action of the parties of by operation of law.  Time is of the essence with respect to all provisions of this Note.  This Note contains the entire agreement between the parties relating to the subject matter hereof.  If any provision of this Note or the application thereof to any entity, person or circumstance shall be invalid, illegal or unenforceable to any extent, the remainder of this Note and the application of the provisions hereof to other entities, persons or circumstances shall not be affected thereby and shall otherwise be enforced to the fullest extent permitted by law.

[Signature page follows.]

IN WITNESS WHEREOF, Maker has executed this Note as of the Effective Date.

**"MAKER"**

_____
MADHU RAM

_____
SADHNA RAM

J-VILLE PROPERTIES, INC.,
a California corporation

By: _____

Name:_____

Title:_____

**EXHIBIT 3**

**Safe Deposit Box Letter**

# Meegan, Hanschu & Kassenbrock

ATTORNEYS AT LAW

11341 Gold Express Drive, Suite 110     Gold River, CA 95670
Tel: (916) 925-1800     Fax: (916) 925-1265

David M. Meegan *

James L. Hanschu

Mark R. Kassenbrock

Peter J. Pullen

Anthony Asebedo

*Admitted in
California and New York

September 27, 2013

**VIA E-MAIL: rfriedman@rutan.com**

Roger F. Friedman
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626

      Re:    **Enterprise Bank v. Ram**
             **Case No. 2:13-mc-00063-TLN-DAD**

Dear Roger:

The following is the safety deposit content explanation you wanted:

1.    <u>Wedding Set (earrings, necklace, bangles):</u> - $1,500

    The necklace has a rice pearl chain with a pendant that has some pearls hanging from it.  The earrings match the necklace.  A bangle is also part of the set.  The dollar value is based upon doubling the price paid for the set and doubling it, because such sets cost more in stores now than they did at the time of purchase.

2.    <u>Three Necklaces</u> - $1,200

    The necklaces are thin gold 14-carat gold chains and weigh approximately 6 grams each at the most.  Based upon the price of gold and labor to make the chains, the value of such necklaces today is less than $1,200.

3.    <u>Four Pairs of Earrings</u> - $600

    One pair of earrings consists of gold studs in the shapes of small flowers purchased for approximately $80.  The second pair has two dangling balls.  This was purchased for approximately $150.  The third pair of earrings is hoop-shaped pair and was purchased for $100.  The last pair is a combination of gold and ruby studs in the shape of a teardrop.  These were purchased for $250.

Roger F. Friedman                                          September 27, 2013
Re: Enterprise Bank v. Ram                                           Page 2

4.     <u>Three Bangles</u> - $500

       This set originally consisted of four gold-plated bangles, one of which was lost.  The set was purchased for approximately $300 eight years ago.  If each bangle has doubled in value, the three remaining bangles are worth approximately $450 to $500 today.

5.     <u>Aspara's Necklace and Earrings</u> - $800

       This set was given to the Rams' daughter when she was about six years old by her grandmother.  It consists of a thin gold chain and a set of small hoop earrings.  Similar types of jewelry cost about $800 today.

       Kamel Preet Toor is the service manager at the Wells branch.

       I am still working on the settlement proposal and hope to get that to you on Monday.  Let's talk Monday morning.  Thank you.


Very truly yours,

**MEEGAN, HANSCHU & KASSENBROCK**


DAVID M. MEEGAN


cc (via e-mail): Madhu and Sadhna Ram

wpdocs-Mary/ram/friedmanL04

**Exhibit A, Page 44**